IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SHAWN ALLEN MAY                                                                              PLAINTIFF

v.                                        Civil No. 4:23-cv-04094-BAB

SERGEANT HINES; and
SERGEANT YELEY                                                                             DEFENDANTS

# ORDER

Plaintiff, Shawn Allen May, originally submitted this 42 U.S.C. § 1983 Complaint *pro se*, along with an application to proceed *in forma pauperis* ("IFP Application"), for filing on October 5, 2023. (ECF No. 1, 2). Plaintiff's IFP Application was incomplete. The Court ordered Plaintiff to submit a completed IFP Application by October 26, 2023. (ECF No. 3). Plaintiff did so, and the Court granted Plaintiff IFP status on October 17, 2023. (ECF No. 6). Currently before the Court, is Plaintiff's failure to comply with Orders of the Court and to prosecute this matter.[1]

In the Court's October 17, 2023, Order, Plaintiff was specifically advised:

> Plaintiff is advised that he is required to immediately inform the Court of any change of address. If Plaintiff is transferred to another jail or prison or released, he shall have 30 days from the date of transfer or release in which to notify the Court of his new address.

(ECF No. 6).

On January 11, 2024, Defendants filed a Motion for Summary Judgment on the issue of exhaustion. (ECF No. 22). The Court ordered Plaintiff to respond to Defendants' Motion by

---

[1] On November 28, 2023, the parties consented to have the undersigned conduct all proceedings in this case including a jury or nonjury trial and to order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (ECF No. 17).

February 2, 2024. (ECF No. 25). This Order was mailed to Plaintiff at his address of record but returned as undeliverable mail. (ECF Nos. 26, 30). It was then resent to his new address, but Plaintiff failed to respond by the deadline.

On March 1, 2024, the Court entered an Order to Show Cause directing Plaintiff to show cause why he failed to respond to Defendants' Motion for Summary Judgment as ordered. (ECF No. 28). This Order was not returned as undeliverable mail but Plaintiff failed to respond to Defendants' Motion. Two other filings to Plaintiff's last known address, mailed by the Court after the March 1, 2024 Order, have also been returned as undeliverable mail. (ECF Nos. 29 and 30). Finally, Plaintiff has not communicated with the Court since originally filing this case.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Furthermore, a dismissal pursuant to Rule 41(b) operates as an adjudication on the merits unless it is otherwise specified. Fed. R. Civ. P. 41(b); *Brown*, 806 F.2d at 803. In considering a Rule 41(b) dismissal, the Court must balance: (1) "the degree of [Plaintiff's] egregious conduct;" (2) the adverse impact of the conduct on the Defendants; and (3) the Court's ability to administer justice. *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted). In *Rodgers*, the Eighth Circuit provides the standard the Court must consider before dismissing with prejudice for failure to prosecute:

> Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or . . . persistent failure to prosecute a complaint. [The Court must consider] . . . whether in the particular circumstances of the case, the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court. However, the [Court] need not [find] that appellant acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily.

*Id.*

Here, Plaintiff has wholly failed to prosecute this case and comply with the Court's Orders. Specifically, Plaintiff has failed to keep the Court apprised of his current address and respond to the Defendants' Motion for Summary Judgment. However, the Court does not find dismissal with prejudice is warranted here. While Defendants have filed a Motion for Summary Judgment, it is one addressing the issue of exhaustion only. Further, no resources have been expended on substantive motions for summary judgment at this point.

Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 9th day of April 2024.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

3